■ In the Matter of RESCUE MISSION ALLIANCE, Petitioner, v EDWARD MERCADO, as Commissioner New York State Division of Human Rights, et al., Respondents. [637 NYS2d 580] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: Petitioner, Rescue Mission Alliance, Inc. (Rescue Mission), commenced this proceeding pursuant to Executive Law § 298 seeking to annul a determination of the Commissioner of the State Division of Human Rights (Commissioner) that it had unlawfully discriminated against complainant, who is HIV positive, by denying her housing and public accommodations. The basis for that determination was that Rescue Mission employees had placed information concerning complainant's status in their computer and that, when complainant sought accommodations, they characterized her as having AIDS and conditioned her overnight stay on further discussion of her HIV positive or AIDS status.

According to the proof at the hearing, in December 1992, complainant admitted herself into the Lydia Center, a program administered by the Rescue Mission, for drug and alcohol addiction. During her stay at the Lydia Center, complainant informed the staff that she was HIV positive. On July 1, 1993, complainant sought overnight accommodations at the Alcohol Crisis Center of the Rescue Mission. Complainant testified at the hearing that, when she arrived at the Center, an employee of the Rescue Mission gave her a breathalyzer test, which showed that she had consumed alcohol, and requested identification. After complainant provided identification, the employee asked her whether she had any health problems, to which complainant responded, "not that I know of." The employee questioned that response because the client file in the Rescue

Mission computer indicated that complainant had AIDS. Complainant became angry and demanded to know why the Rescue Mission had that information. The employee then asked complainant whether she had any medications with her and advised her that, if she did, the medications needed to be put away. That question was asked of all individuals seeking shelter. Complainant refused to respond to any more questions. When the employee told complainant that she could not remain on the premises if she did not cooperate, complainant responded "fine," and left.

A Rescue Mission supervisor and medic also testified that complainant was uncooperative when questioned and became upset when she discovered that the Rescue Mission had information about her in the computer. When complainant became upset, the supervisor advised the medic to admit complainant to the unit, lock up her medications and not ask any further questions. It was a general policy of the Alcohol Crisis Unit to confiscate all medications from admittees because they were often intoxicated and could overdose. Complainant was advised of the policy, but refused to say whether she had any medications with her. She was then advised that she could not stay unless she cooperated. Complainant then indicated that she was leaving and walked out the door.

The Commissioner concluded that the Rescue Mission, in conditioning complainant's stay upon further discussing complainant's HIV status, denied complainant the privilege and advantage of a place of public accommodation and housing in violation of the Human Rights Law and ordered the Rescue Mission to pay complainant compensatory damages of $2,500 for mental anguish and humiliation. The determination of the Commissioner "must be confirmed if it is supported by substantial evidence" *(Matter of Consolidated Edison Co. v New York State Div. of Human Rights [Easton],* 77 NY2d 411, 417, *rearg denied* 78 NY2d 909) and there is a rational basis for it *(see, Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59 NY2d 69, 75).

We conclude, upon our review of the record, that the Commissioner's determination is not supported by substantial evidence and lacks a rational basis. The proof adduced at the hearing fails to support the Commissioner's finding that complainant was refused public housing or accommodations because of her refusal to answer questions concerning her HIV positive status. All of the witnesses, including complainant, testified that complainant was asked whether she had any medications with her and was told that, if she did, they had to

be put away; that she refused to respond to that inquiry; that she was told that, if she wanted to stay, she had to respond; and that she left rather than answering. The proof at the hearing establishes that the question concerning medications was not based on complainant's HIV status, but, rather, was as a matter of policy asked of all potential admittees to guard against overdosing. The fact that Rescue Mission employees made an insensitive inquiry concerning complainant's HIV status is insufficient to support the Commissioner's finding of discrimination. Consequently, the determination of the Commissioner is annulled and the petition granted. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Onondaga County, Nicholson, J.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.