■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Respondent, v 1368 EAST 94TH STREET CORP., Respondent, and SALVATORE RUSSO et al., Appellants. [741 NYS2d 285] —Proceeding pursuant to Executive Law § 298 to enforce an order of the State Division of Human Rights dated October 26, 1998, which, after a hearing, found that Salvatore Russo and Marie Russo had unlawfully discriminated in the rental of available housing on the basis of race and awarded each complainant $100,000 in compensatory damages and $10,000 in punitive damages. Salvatore Russo and Marie Russo appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated March 14, 2001, which transferred the proceeding to the Appellate Division, and, among other things, denied their cross petition to, inter alia, vacate the order dated October 26, 1998.

Adjudged that the petition for enforcement is denied, without costs or disbursements; and it is further,

Ordered that the order is modified by deleting the provision thereof denying the cross petition and substituting therefor a provision granting the cross petition to the extent of remitting the matter to the State Division of Human Rights for a determination as to whether good cause exists to set aside the

default by Salvatore Russo and Marie Russo in appearing for hearings; as so modified, the order is affirmed, without costs or disbursements.

The State Division of Human Rights (hereinafter the SDHR) commenced this proceeding to enforce its order, dated October 26, 1998, which determined that Salvatore Russo and Marie Russo (hereinafter the Russos) discriminated against the complainants on the basis of race and awarded the complainants compensatory and punitive damages.

Contrary to the Russos' contention, the Supreme Court properly transferred the proceeding to this Court, as an enforcement proceeding initiated by the SDHR raises the issue of whether the order was supported by sufficient evidence in the record as a whole (see Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322; Matter of State Div. of Human Rights v RHS Mgt. Corp., 270 AD2d 426; Executive Law § 298).

In their cross petition, the Russos presented evidence that they did not receive notice of the hearings before the SDHR and that they may have a defense to the complainants' claim of discrimination. Under the circumstances, we conclude that the petition for enforcement should be denied, and the Russos' cross petition should be granted to the extent of remitting the matter to the SDHR to determine whether good cause exists to set aside the Russos' default in appearing at the hearings (see Executive Law § 297 [4] [b]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.