■ In the Matter of PAT MATTEO, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [761 NYS2d 517] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated November 14, 2001, which, after a hearing, found that the petitioner had unlawfully discriminated against Timothy S. Pachonka, Jr., and Toni Pachonka on the basis of race and color in the leasing of housing accommodations, and awarded the Pachonkas, inter alia, $7,500 each in compensatory damages for mental anguish and humiliation, $10,000 each in punitive damages, and $483.66 for out-of-pocket expenses, and the respondents cross-petition to enforce the determination.

Adjudged that the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Adjudged that the cross petition is granted and the petitioner is directed to pay the complainants the principal sum of $35,483.66 plus interest from November 14, 2001; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and submitting separate briefs.

The petitioner, Pat Matteo, made arrangements with the respondent Timothy S. Pachonka, Jr., who is Caucasian, to rent an apartment in his three-family home to Mr. Pachonka and his wife, the respondent Toni Pachonka, who is black. When Matteo became aware that Mrs. Pachonka was black, he informed the Pachonkas that he would not rent to them because he did not condone "mixed race" marriage.

The Pachonkas filed a complaint with the State Division of Human Rights (hereinafter the SDHR). A public hearing was held at which Matteo appeared pro se. The SDHR determined that Matteo had discriminated against the Pachonkas on the basis of race and color in the leasing of housing accommodations, and awarded them $7,500 each in compensatory damages for mental anguish and humiliation, $10,000 each as punitive damages, and $483.66 in expenses.

The determination of the SDHR is supported by sufficient evidence on the record considered as a whole (*see* Executive Law § 298). The SDHR's determinations are entitled to considerable deference due to its expertise in evaluating discrimination claims (*see Matter of Club Swamp Annex v White,* 167 AD2d 400, 401 [1990]). A determination may not be set aside "merely because the opposite decision would have been reasonable and also sustainable" (*Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 56 [1973]; *see Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72, 79 [1980]).

Matteo claims that the Administrative Law Judge (hereinafter the ALJ) who presided at the hearing failed to implement the necessary measures to protect his due process rights as a pro se litigant, and, as a result, Matteo was unable effectively to present his defenses. However, the ALJ carefully explained the procedures and rules to Matteo and assisted him throughout the hearing. In any event, Matteo's purported defense, that he had a legal reason to reject the Pachonkas, was without merit.

In addition, the damages awarded were not excessive. The Pachonkas both testified to the mental anguish they suffered as a result of Matteo's discriminatory action (*see Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights,* 35 NY2d 143, 145-146 [1974]; *Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766, 767 [1983]; *cf. Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492, 497 [1981]; *Matter of Van Cleef Realty v New York State Div. of Human Rights,* 216 AD2d 306, 307 [1995]). Since the SDHR has been vested with broad powers to fulfill "[t]he extremely strong statutory policy of eliminating discrimination" (*Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, supra* at 146), the punitive damage awards will not be disturbed (*see Matter of Van Cleef Realty v New York State Div. of Human Rights, supra* at 307). Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.