■ In the Matter of SHERWOOD TERRACE APARTMENTS et al., Petitioners-Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents-Petitioners. CAROL A. GOSTOMSKI et al., Respondents. [877 NYS2d 595]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court for the Fourth Judicial Department by order of the Supreme Court, Erie County [Kevin M. Dillon, J.], entered March 5, 2008) to annul a determination of respondent-petitioner Kumiki Gibson, Commissioner, New York State Division of Human Rights. The determination found that petitioners-respondents had engaged in an unlawful discriminatory practice with respect to housing.

It is hereby ordered that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted, and petitioners-respondents are directed to

pay respondent Carol A. Gostomski the sum of $4,381.75 for economic damages, with interest at the rate of 9% per annum, commencing July 2006, and the sums of $8,000 for mental anguish and humiliation, $4,000 for her children's mental anguish and humiliation, and $10,000 for punitive damages, with interest at the rate of 9% per annum, commencing November 15, 2007; to pay respondent Housing Opportunities Made Equal, Inc. the sum of $2,596 for economic damages, with interest at the rate of 9% per annum, commencing May 2006, and the sum of $8,000 for punitive damages, with interest at the rate of 9% per annum, commencing November 15, 2007; and to pay the Comptroller of the State of New York the sum of $8,000 for a civil fine and penalty, with interest at the rate of 9% per annum, commencing November 15, 2007.

Memorandum: Petitioners-respondents (petitioners) commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent-petitioner Kumiki Gibson, Commissioner of the New York State Division of Human Rights (Commissioner), that they unlawfully discriminated against respondent Carol A. Gostomski (complainant) by refusing to permit her to rent an apartment after learning that she had two children, then ages six and eight (*see* § 296 [5] [a] [1]). Contrary to the contentions of petitioners, we conclude that the determination that they discriminated against complainant and her children based on familial status is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Woehrling v New York State Div. of Human Rights*, 56 AD3d 1304, 1305 [2008]; *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]), and that the awards of compensatory damages to complainant and her children should not be disturbed (*see 300 Gramatan Ave. Assoc.*, 45 NY2d at 184; *Matter of New York State Div. of Human Rights v Gruzdaitis*, 265 AD2d 904 [1999]). In addition, the Commissioner properly exercised her discretion in awarding economic damages to respondent Housing Opportunities Made Equal, Inc. (HOME) for resources expended by HOME in investigating complainant's allegations against petitioners (*see* Executive Law § 297 [4] [c] [iii]; *Havens Realty Corp. v Coleman*, 455 US 363, 376 [1982]; *Mixon v Grinker*, 157 AD2d 423, 426-427 [1990]). Finally, we conclude that the awards of punitive damages to complainant and HOME are "supported by the evidence and [are] authorized by Executive Law § 297 (4) (c) (iv) as a deterrent against housing discrimination" (*Woehrling*, 56 AD3d at 1305; *see Matteo*, 306 AD2d at 485; *Matter of Van Cleff Realty v New York State Div. of Human Rights*, 216 AD2d 306, 307

[1995]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.