■ In the Matter of EASTPORT ASSOCIATES, INC., et al., Petitioners/Cross Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent/Cross Petitioner, et al., Respondent. [897 NYS2d 177]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated August 4, 2008, which adopted the recommendation and findings of an administrative law judge dated April 10, 2008, made after a hearing, finding that the petitioner discriminated against the complainant in the terms, conditions, and privileges of employment because of his sex and that the complainant was subjected to a hostile work environment because of his sex in violation of the Executive Law § 296, and awarded the complainant the principal sums of $2,192.50 in damages for back pay and $15,000 in compensatory damages for mental anguish, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition is dismissed as abandoned (see 22 NYCRR 670.8 [e] [1]; 670.17 [b]), without costs or disbursements; and it is further,

Adjudged that the cross petition is granted, the determination is confirmed, without costs or disbursements, and the petitioners are directed to pay the complainant the sum of $2,192.50, plus interest at the rate of 9% per year from May 8, 2006, and the sum of $15,000, plus interest at the rate of 9% per year, from August 4, 2008.

Determinations of the New York State Division of Human Rights (hereinafter the Division) are accorded "considerable deference due to its expertise in evaluating discrimination claims" (*Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]; *see Matter of Club Swamp Annex v White*, 167 AD2d 400, 401 [1990]). A determination of the Division may not be set aside " 'merely because the opposite decision would have been reasonable and also sustainable' " (*Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d at 485, quoting *Matter of Mize v State Div. of Human Rights*, 33 NY2d 53, 56 [1973]; *see Matter of Imperial Diner v State Human Rights Appeal Bd.*, 52 NY2d 72, 79 [1980]).

Sexual harassment based upon a hostile work environment exists under Executive Law § 296 (1) when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms or conditions of employment" (*Vitale v Rosina Food Prods.*, 283 AD2d 141, 143 [2001], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993] [internal quotation marks omitted] [construing title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.* (hereinafter title VII)]). "The law forbids not only opposite-sex sexual harassment in the workplace, but same-sex sexual harassment as well" (*Matter of State Div. of Human Rights v Stoute*, 36 AD3d 257, 263 [2006], citing *Oncale v Sundowner Offshore Services, Inc.*, 523 US 75 [1998] [construing title VII]; *see Matter of State Div. of Human Rights v Dom's Wholesale & Retail Ctr., Inc.*, 18 AD3d 335, 336 [2005]).

Here, the Division's determination that the complainant was subjected to a hostile work environment, based on sex, that led to his constructive discharge is supported by substantial evidence on the record considered as a whole (*see* Executive Law § 296 [1]; *Matter of State Div. of Human Rights v Dom's Wholesale & Retail Ctr., Inc.*, 18 AD3d at 336; *see also Matter of State Div. of Human Rights v Stoute*, 36 AD3d at 265-266).

The Division properly determined that the petitioner Eastport Associates, Inc. (hereinafter Eastport), is liable for the discriminatory conduct by the petitioner T.J. Miskovsky, a co-owner and president of Eastport (*see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44 [1996]). In addition, the Division properly determined that Miskovsky is individually liable to the complainant based on his ownership interest in Eastport (*see Matter of State Div. of Human Rights v Koch*, 60 AD3d 777, 777-778 [2009]; *Gallegos v Elite Model Mgt. Corp.*, 28 AD3d 50, 60 [2005]).

The award of the sum of $2,192.50 in damages for back pay is

supported by substantial evidence as well (*see* Executive Law § 297 [4] [c]; *Matter of Hilal v New York State Div. of Human Rights*, 57 AD3d 898, 899 [2008]; *Matter of Club Swamp Annex v White*, 167 AD2d at 402). The Division did not err in awarding pre-determination interest on the back pay award from May 8, 2006 (*see Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 26-27 [2002]). The award for compensatory damages for mental anguish "must be upheld if it is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries" (*Matter of State Div. of Human Rights v Stoute*, 36 AD3d at 266, citing *Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 218-219 [1991]). Under the circumstances presented here, that award is supported by substantial evidence, and is reasonably related to the wrongdoing (*see Matter of State Div. of Human Rights v Dom's Wholesale & Retail Ctr., Inc.*, 18 AD3d at 336; *see also Matter of State Div. of Human Rights v Stoute*, 36 AD3d at 266-267). Skelos, J.P., Florio, Hall and Austin, JJ., concur.