■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v CARMELLA CAPRARELLA, Respondent. [917 NYS2d 704]—

An enforcement proceeding initiated by the New York State Division of Human Rights (hereinafter the NYSDHR) raises the issue of whether its determination was supported by sufficient

evidence in the record as a whole (*see Matter of State Div. of Human Rights v Bystricky*, 30 NY2d 322, 326 [1972]; *Matter of State Div. of Human Rights v 1368 E. 94th St. Corp.*, 293 AD2d 752 [2002]; Executive Law § 298). Determinations of the NYSDHR are accorded " 'considerable deference due to its expertise in evaluating discrimination claims' " (*Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890, 891 [2010], quoting *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]). A court must confirm the determination so long as it is based on substantial evidence (*see* Executive Law § 298; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

The Human Rights Law (Executive Law §§ 290-301), among other things, prohibits an owner of a housing accommodation from refusing to rent or lease that housing accommodation to an applicant on the basis of the applicant's race (*see* Executive Law § 296 [5] [a] [1]). A complainant has the burden of establishing a violation. To establish a prima facie case, a complainant must demonstrate that he or she is a member of a protected class and that he or she applied for and was qualified to rent housing which was denied to him or her under circumstances which give rise to an inference of unlawful discrimination. The burden then shifts to the respondent to show that the rejection was for legitimate, nondiscriminatory reasons (*see Matter of Pace Coll. v Commission on Human Rights of City of N.Y.*, 38 NY2d 28, 39-40 [1975]; *Dunleavy v Hilton Hall Apts. Co., LLC*, 14 AD3d 479 [2005]; *see also McDonnell Douglas Corp. v Green*, 411 US 792, 802-803 [1973]). Disbelief of the reasons propounded by the respondent may, together with the elements of the prima facie case, suffice to show intentional discrimination (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 630 [1997]; *see also St. Mary's Honor Center v Hicks*, 509 US 502, 511 [1993]).

Here, substantial evidence in the record supports the determination of the Commissioner of the NYSDHR (hereinafter the Commissioner) that the respondent discriminated against the complainant on the basis of her race in violation of Executive Law § 296 (5) (a) (1). It is undisputed that the complainant—an African-American—is a member of a protected class and was qualified to rent the subject apartment. The fact that the respondent refused to rent or lease the apartment to the complainant, ultimately renting it to a white couple, raises an inference of discrimination. The Commissioner found that the respondent's proffered nondiscriminatory reason for refusing to rent

the apartment to the complainant was incredible, and this determination is supported by the record. Among other evidence, both the complainant and an African-American tester from Long Island Housing Services testified at the hearing before the NYSDHR that the respondent represented to them that the apartment had been rented, when it actually remained available. By contrast, white testers from Long Island Housing Services testified that they were informed the apartment was available.

Moreover, the respondent was not substantially prejudiced by any delays in disposing of the administrative proceeding (*see* Executive Law § 297; *Matter of Louis Harris & Assoc. v deLeon*, 84 NY2d 698, 703 [1994]; *Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 623 [1994]).

Further, there is no reason on this record to disturb the awards of damages. Deference must be accorded to the agency's assessment of damages in view of its special experience in weighing the merit and value of mental anguish claims (*see Matter of School Bd. of Educ. of Chapel of Redeemer Lutheran Church v New York City Commn. on Human Rights*, 188 AD2d 653, 654 [1992]). The award for mental anguish and humiliation was supported by the complainant's testimony (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216-217 [1991]; *Cullen v Nassau County Civ. Serv. Comm.*, 53 NY2d 492, 496-497 [1981]), and is comparable to other awards for similar injuries (*see Matter of Sherwood Terrace Apts. v New York State Div. of Human Rights*, 61 AD3d 1333 [2009]; *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484 [2003]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Div. of Human Rights*, 225 AD2d 553 [1996]; *Matter of Alverson v State Div. of Human Rights*, 181 AD2d 1019 [1992]). The award for out-of-pocket expenses was likewise supported by the record. Since, in this housing discrimination dispute, the NYSDHR is empowered to make an award of punitive damages (*see* Executive Law § 297 [4] [c] [iv]; *cf.* Executive Law § 297 [9]), and the NYSDHR has been vested with broad powers to fulfill "[t]he extremely strong statutory policy of eliminating discrimination" (*Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights*, 35 NY2d 143, 146 [1974]), the punitive damages award will not be disturbed (*see Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484 [2003]).

The amount of the attorney's fee awarded to the complainant was reasonable (*see generally* Executive Law § 297 [10]; *McGrath v Toys "R" Us, Inc.*, 3 NY3d 421, 429-430 [2004]).

The respondent's remaining contention is without merit. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.