Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated November 30, 2007, which adopted *513 the recommendation and findings of an administrative law judge dated November 7, 2007, made after a hearing, finding that the respondent discriminated against the complainant on the basis of her sexual orientation, and awarded the complainant the principal sums of $100,000 in compensatory damages for mental anguish, plus interest, and $10,000 in punitive damages, and assessed a civil fine and penalty against the respondent in the sum of $25,000.
Adjudged that the petition is granted, with costs, the determination is confirmed, and the respondent is directed to pay to the complainant the principal sum of $100,000 in compensatory damages for mental anguish, with interest at the rate of 9% per annum from January 30, 2008, until the respondent makes payment, and the principal sum of $10,000 for punitive damages, and to pay to the New York State Division of Human Rights $25,000 as a civil fine and penalty.
“An enforcement proceeding initiated by the New York State Division of Human Rights (hereinafter the NYSDHR) raises the issue of whether its determination was supported by sufficient evidence in the record as a whole” (Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d 773, 773-774 [2011]; see Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326 [1972]; Matter of State Div. of Human Rights v 1368 E. 94th St. Corp., 293 AD2d 752 [2002]; Executive Law § 298). “Determinations of the NYSDHR are accorded considerable deference due to its expertise in evaluating discrimination claims” (Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d at 774 [internal quotation marks omitted]; see Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights, 71 AD3d 890, 891 [2010]; Matter of Matteo v New York State Div. of Human Rights, 306 AD2d 484, 485 [2003]). “A court must confirm the determination so long as it is based on substantial evidence” (Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d at 774; see Executive Law § 298; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]).
Executive Law § 296 (5) (a) (1) prohibits, among other things, an owner of a housing accommodation from refusing to rent, or withholding from any person, such a housing accommodation based on the person’s sexual orientation. Executive Law § 296 (5) (a) (2) prohibits, among other things, such an owner from discriminating against any person on the basis of sexual orientation in the terms, conditions, or privileges of the rental or in the furnishing of facilities or services in connection therewith. Here, substantial evidence in the record supports the determination of *514 the Commissioner of the NYSDHR (hereinafter the Commissioner) that the respondent discriminated against the complainant on the basis of her sexual orientation in violation of Executive Law § 296 (5) (a) (1) and (2).
Furthermore, there is no reason to disturb the awards of damages. “Deference must be accorded to the agency’s assessment of damages in view of its special experience in weighing the merit and value of mental anguish claims” (Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d at 775). The Commissioner’s determination that the complainant suffered mental anguish as a result of the respondent’s unlawful actions is supported by substantial evidence. Moreover, the award of $100,000 for mental anguish “ ‘is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries’ ” (Matter of New York State Div. of Human Rights v Ben Rottenstein Assoc., Inc., 89 AD3d 852, 853 [2011], quoting Matter of MTA Trading, Inc. v Kirkland, 84 AD3d 811, 814 [2011]). Additionally, “[s]ince, in this housing discrimination dispute, the NYSDHR is empowered to make an award of punitive damages (see Executive Law § 297 [4] [c] [iv]; cf. Executive Law § 297 [9]), and the NYSDHR has been vested with broad powers to fulfill ‘[t]he extremely strong statutory policy of eliminating discrimination’ (Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 35 NY2d 143, 146 [1974]), the punitive damages award will not be disturbed” (Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d at 775; see Matter of Matteo v New York State Div. of Human Rights, 306 AD2d 484 [2003]). The Commissioner’s determination to direct the respondent to pay $25,000 as a civil fine and penalty (see Executive Law § 297 [4] [c] [vi]) did not constitute an abuse of discretion as a matter of law (see generally Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Broich v Village of Southampton, 70 AD3d 822, 823 [2010]). Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.