■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v JOHN C. HILPL, Respondent. [3 NYS3d 496]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [James P. McClusky, J.], entered July 3, 2014) to enforce a determination of the New York State Division of Human Rights. The order, among other things, directed respondent to pay petitioner Gilbert A. Murphy compensatory damages.

It is hereby ordered that the determination is unanimously confirmed without costs, the petition is granted and respondent is directed to pay petitioner Gilbert A. Murphy the sums of $12,790 as damages for mental anguish and humiliation and as compensation for the moving expenses he incurred and $1,000 as punitive damages, with interest at the rate of nine percent per annum commencing December 1, 2011.

Memorandum: Petitioner New York State Division of Human Rights (SDHR) commenced this proceeding pursuant to Executive Law § 298 seeking to enforce the final order of its Commissioner, which in turn substantially adopted the "recommended findings of fact, opinion and decision, and order" of an administrative law judge (ALJ). The ALJ concluded, following a public hearing, that respondent had engaged in unlawful discriminatory practices with respect to housing and awarded petitioner Gilbert A. Murphy compensatory damages of $12,790 and punitive damages of $1,000.

We conclude that "the determination of the Commissioner . . . 'is supported by substantial evidence' . . . and there is a rational basis for [that determination]" (Matter of Rescue Mission Alliance v Mercado, 224 AD2d 934, 935 [1996], lv denied 88 NY2d 805 [1996]; see Matter of Sherwood Terrace Apts. v New York State Div. of Human Rights, 61 AD3d 1333, 1334 [2009]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). We further conclude that the awards of compensatory damages to petitioner Gilbert A. Murphy are supported by the record (see Sherwood Terrace Apts., 61 AD3d at 1334; Matter of Matteo v New York State Div. of Human Rights, 306 AD2d 484, 485 [2003]), and that the award of $1,000 in punitive damages is

" 'supported by the evidence and [is] authorized by Executive Law § 297 (4) (c) (iv) as a deterrent against housing discrimination' " (*Sherwood Terrace Apts.*, 61 AD3d at 1334; *see Matteo*, 306 AD2d at 485). Present—Scudder, P.J., Fahey, Peradotto, Carni and Whalen, JJ.