# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**67**

**TP 14-01375**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

IN THE MATTER OF NEW YORK STATE DIVISION
OF HUMAN RIGHTS AND GILBERT A. MURPHY,
PETITIONERS,

V                                          MEMORANDUM AND ORDER

JOHN C. HILPL, RESPONDENT.

---

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (ERIN SOBKOWSKI OF
COUNSEL), FOR PETITIONER NEW YORK STATE DIVISION OF HUMAN RIGHTS.

---------------------------------------------------------------------------------------------------

Proceeding pursuant to Executive Law § 298 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Jefferson County [James P.
McClusky, J.], entered July 3, 2014) to enforce a determination of the
New York State Division of Human Rights. The order, among other
things, directed respondent to pay petitioner Gilbert A. Murphy
compensatory damages.

It is hereby ORDERED that the determination is unanimously
confirmed without costs, the petition is granted and respondent is
directed to pay petitioner Gilbert A. Murphy the sums of $12,790 as
damages for mental anguish and humiliation and as compensation for the
moving expenses he incurred and $1,000 as punitive damages, with
interest at the rate of nine percent per annum commencing December 1,
2011.

Memorandum: Petitioner New York State Division of Human Rights
(SDHR) commenced this proceeding pursuant to Executive Law § 298
seeking to enforce the final order of its Commissioner, which in turn
substantially adopted the "recommended findings of fact, opinion and
decision, and order" of an administrative law judge (ALJ). The ALJ
concluded, following a public hearing, that respondent had engaged in
unlawful discriminatory practices with respect to housing and awarded
petitioner Gilbert A. Murphy compensatory damages of $12,790 and
punitive damages of $1,000.

We conclude that "the determination of the Commissioner . . . 'is
supported by substantial evidence' . . . and there is a rational basis
for [that determination]" (*Matter of Rescue Mission Alliance v
Mercado*, 224 AD2d 934, 935, *lv denied* 88 NY2d 805; *see Matter of
Sherwood Terrace Apts. v New York State Div. of Human Rights*, 61 AD3d
1333, 1334; *see generally 300 Gramatan Ave. Assoc. v State Div. of
Human Rights*, 45 NY2d 176, 180-181). We further conclude that the

awards of compensatory damages to petitioner Gilbert A. Murphy are supported by the record (*see Sherwood Terrace Apts.*, 61 AD3d at 1334; *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485), and that the award of $1,000 in punitive damages is " 'supported by the evidence and [is] authorized by Executive Law § 497 (4) (c) (iv) as a deterrent against housing discrimination' " (*Sherwood Terrace Apts.*, 61 AD3d at 1334; *see Matteo*, 306 AD2d at 485).

Entered:  February 6, 2015                        Frances E. Cafarell
                                                  Clerk of the Court