■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v LUCKY JOY RESTAURANT, INC., Respondent. [14 NYS3d 703]—

Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated October 2, 2009, which adopted the recommendation and findings of an administrative law judge dated July 16, 2009, made after a hearing, finding that the respondent, Lucky Joy Restaurant, Inc., discriminated against the complainants, Zhenyu Sun and Wei Huang, individually and on behalf of her infant child Xinye Feng, based on their creed in violation of Executive Law § 296, and awarded each complainant compensatory damages in the sum of $7,000, plus interest at a rate of 9% per annum from October 2, 2009, for mental anguish and humiliation.

Adjudged that the petition is granted, on the law and in the exercise of discretion, with costs to the petitioner, to the extent that the portion of the determination awarding the complainants Zhenyu Sun and Wei Huang, individually, compensatory damages in the sum of $7,000 plus interest at a rate of 9% per annum from October 2, 2009, for mental anguish and humiliation is confirmed, the determination is otherwise annulled, the petition is otherwise denied, the proceeding is otherwise dismissed, and Lucky Joy Restaurant, Inc., is directed to pay both Zhenyu Sun and Wei Huang, individually, compensatory damages in the sum of $7,000, plus interest at a rate of 9% per annum from October 2, 2009, for mental anguish and humiliation.

Determinations of the New York State Division of Human Rights are accorded considerable deference due to its expertise in evaluating discrimination claims (*see Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773, 774 [2011]; *see Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890, 891 [2010]; *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]). "A court must confirm the determination so long as it is based on substantial evidence" (*Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d at 774; *see* Executive Law § 298). Here, at the evidentiary hearing, the complainants Zhenyu Sun and Wei Huang (hereinafter together the complainants) testified, among other things, that employees of the respondent, Lucky Joy Restaurant, Inc. (hereinafter Lucky Joy), refused to serve them and told them to leave the restaurant because they were practitioners of a spiritual discipline known as Falun Gong. Lucky Joy failed to appear at the evidentiary hearing.

The petitioner's determination that Lucky Joy unlawfully

discriminated against the complainants based on their creed in violation of Executive Law § 296 (2) (a) was supported by substantial evidence in the record. The award of compensatory damages to the complainants was reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries (*see Matter of State Div. of Human Rights v Steve's Pier One, Inc.*, 123 AD3d 728 [2014]; *see also Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 218-219 [1991]; *Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773 [2011]; *Matter of Wal-Mart Stores E., L.P. v New York State Div. of Human Rights*, 71 AD3d 1452 [2010]). However, there was not sufficient evidence in the record to support the award of compensatory damages to Wei Huang, on behalf of the infant child. Although there was testimony that the child was crying, there was no evidence of the child's age, and no evidence establishing that the child's crying was related to the discrimination. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.