■ In the Matter of JOSEPH GIURA, Petitioner/Cross Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent/Cross Petitioner, et al., Respondent. [22 NYS3d 570]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated June 11, 2013, which adopted the recommendation and findings of an administrative law judge dated September 7, 2012, made after a hearing, finding that the petitioner/cross respondent discriminated against the complainant in the rental of a housing accommodation on the basis of her familial status in violation of Executive Law § 296 (5) and awarding the complainant the principal sum of $5,000 in compensatory damages for mental anguish, and cross petition by the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [i]; 670.17 [b]), without costs or disbursements; and it is further,

Adjudged that the cross petition is granted, the determination is confirmed, without costs or disbursements, and the petitioner/cross respondent is directed to pay the complainant the principal sum of $5,000, plus interest at the rate of 9% per year from June 11, 2013.

"An enforcement proceeding initiated by the New York State Division of Human Rights (hereinafter the NYSDHR) raises the issue of whether its determination was supported by sufficient evidence in the record as a whole" (*Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773, 773-774 [2011]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of New York State Div. of Human Rights v Stennett*, 98 AD3d 512 [2012]). "Determinations of the NYSDHR are accorded considerable deference due to its expertise in evaluating discrimination claims" (*Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d at 774 [internal quotation marks omitted]; *see Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890 [2010]).

Executive Law § 296 (5) (a) (1) prohibits, among other things, an owner of a housing accommodation from refusing to rent, or

withholding from any person, such a housing accommodation based on the person's "familial status" (Executive Law § 292 [26]). Here, substantial evidence in the record supports the determination of the Commissioner of the NYSDHR that the petitioner discriminated against the complainant on the basis of her familial status in violation of Executive Law § 296 (5) (a) (1).

Furthermore, there is no reason to disturb the award of damages. "Deference must be accorded to the agency's assessment of damages in view of its special experience in weighing the merit and value of mental anguish claims" (*Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d at 775). Here, the award of $5,000 for mental anguish is supported by the complainant's testimony, reasonably related to the wrong-doing, and comparable to other awards for similar injuries (*see Matter of State Div. of Human Rights v Lucky Joy Rest., Inc.*, 131 AD3d 536 [2015]; *Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d at 775). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.