Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered May 17, 2016) to review a determination of respondent-petitioner New York State Division of Human Rights. The determination found that petitioner-respondent had engaged in unlawful discriminatory practices related to housing and ordered petitioner-respondent to pay money damages and a civil fine and penalty.
It is hereby ordered that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted, and petitioner-respondent is directed to pay respondent Housing Opportunities Made Equal, Inc., the sum of $3,396.50 for economic damages, with interest at a rate of 9% per annum, commencing February 24, 2016, and the sum of $8,000 for punitive damages, with interest at a rate of 9% per annum, commencing February 24, 2016; and to pay the Comptroller of the State of New York the sum of $3,000 for a civil fine and penalty, with interest at the rate of 9% per an-num, commencing February 24, 2016.
Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of the Commissioner of respondent-petitioner New York State Division of Human Rights (respondent) that she engaged in unlawful discriminatory practices with respect to housing. We agree with respondent that its determination that petitioner discriminated against respondent Housing Opportunities Made Equal, Inc., (complainant) based on familial status is supported by substantial evidence (see § 296 [5] [a] [1]; Matter of Sherwood Terrace Apts. v New York State Div. of Human Rights, 61 AD3d 1333, 1334 [2009]). Contrary to petitioner’s contention, the award of $8,000 in punitive damages to complainant is both appropriate “as a deterrent against housing discrimination” and “is supported by the evidence” herein (Matter of Woehrling v New York State Div. of Human Rights, 56 AD3d 1304, 1305 [2008]; see Sherwood Terrace Apts., 61 AD3d at 1334-1335; see generally § 297 [4] [c] [iv]). Contrary to petitioner’s further contention that the record lacks a sufficient basis for the imposition of a $3,000 civil fine, we conclude that the fine was properly *1322 imposed upon respondent’s determination that petitioner “committed an unlawful discriminatory act” (§ 297 [4] [c] [vi]).
Present — Smith, J.P., De Joseph, NeMoyer, Troutman and Scudder, JJ.