## Housing Rights Initiative, Inc. v Century 21 Dawns Realty

2024 NY Slip Op 30565(U)

February 23, 2024

Supreme Court, New York County

Docket Number: Index No. 156195/2021

Judge: W. Franc Perry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. WILLIAM F. PERRY**

*Justice*

PART

-----------------------------------------------------------------------------X

HOUSING RIGHTS INITIATIVE, INC.,

Plaintiff,

- v -

CENTURY 21 DAWNS REALTY, LILIANA MARQUEZ, KELLER WILLIAMS REALTY, DANIELLE DEMATTEO, 819 TUCKAHOE ROAD CORP., PARK STERLING REALTY, THOMAS BIMONTE, 1 BRONXVILLE OWNERS CORP, LIBRETT REAL ESTATE GROUP, KATIA URRICO, EASTCHESTER ESTATES CORPORATION, EXIT REALTY GROUP, KORAB KRASNIQI, ISA MUSA, DRITA MUSA, KRESHNIK MUSA, ARA 1 REALTY GROUP LLC,AMIR KALAIR, RAJAZMIR ASGHAR, JGERENA REAL ESTATE GROUP LLC,LUIS ARIAS, LUCILLE ESPOSITO REALTY LLC,JOE PAVONE, ALL WESTCHESTER REALTY, INC.,MARIA MILIO, CHRISTIE REALTY, LLC,MICHAEL MORLEY, RNS REALTY CORP., MATHEW ATHIMATTAHIL, GENNARO SANTELLA, 21 PORTLAND PLACE LLC,ROGER GUEVARA, RAQUEL SOTO, SHAHIDUL HOSSAIN,

Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 156195/2021 |
| MOTION DATE | 09/14/2022 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 154, 155, 156, 157, 158, 159, 160, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 201, 207

were read on this motion to/for          RENEW/REARGUE/RESETTLE/RECONSIDER   .

Plaintiff, Housing Rights Initiative, Inc. ("HRI"), moves pursuant to CPLR § 2221(d) to reargue this Court's August 16, 2022 order granting the defendants', Peter and Najwa Khamashta, motion to dismiss and finding that HRI lacked organizational standing to bring this action as it had not shown that it had suffered a harm or injury in fact sufficient to establish standing. (*See* NYSCEF Doc. No. 98) The instant motion to reargue comes before this Court by an April 24, 2023 transfer order of the Honorable Eric Schumacher whom before this matter is currently pending.

[* 1]

Pursuant to CPLR §2221(d), a motion for leave to reargue must be based upon matters of fact or law allegedly overlooked or misapprehended by the Court in determining the prior motion that would change the prior determination. *See Sheridan v. Very, Ltd.*, 56 A.D.3d 305 (1st Dept. 2008).

This Court found that the plaintiff had failed to show that it had standing to bring the underlying action because it found that the plaintiff's alleged injury in fact, the voluntary expenditure of resources to employ and train employees to function as testers by posing as prospective tenants did, "not arise from the actual discrimination itself." The Court also found that HRI unlike the plaintiff in *Mixon v. Grinker*, which the plaintiff relied on in its argument that it had in fact suffered an adequate injury for standing, did not represent "individuals who [were] unable to seek a judicial remedy on their own behalf[.]" *See* NYSCEF Doc. No. 98 citing *Mixon v. Grinker* 157 AD2d 423, 427 (N.Y. App. Div., 1st Dept.1990).

The defendants acknowledge in their opposition to the plaintiff's CPLR § 2221(d) motion that the Court need only find, "a perceptible impairment of an organization's activities" in order to find that an organization suffered an injury in fact necessary to establish organizational standing. (*See* Doc. No. 193 at 5 (citing *Centro de la Comunidad Hispana v. Oyster Bay*, 868 F.3d 104, 110 (2d Cir. 2017). The defendants however argues that HRI has still failed to show a "concrete and demonstrable injury" to HRI's activities and that its alleged injury in fact is too vague to meet the *Havens* standard. *See Id.* (citing *Havens Realty Corp. v. Coleman Havens*, 455 U.S. 363, 379 (1982) where the U.S. Supreme Court ruled that a fair housing organization would have standing to enforce the anti-discrimination provisions of the federal Fair Housing Act ("FHA"), if the alleged misconduct has caused the organization a "concrete and demonstrable injury to the organization's activities-with the consequent drain on the organization's resources.

**156195/2021 HOUSING RIGHTS INITIATIVE, INC. vs. CENTURY 21 DAWNS REALTY ET AL** **Page 2 of 4**
**Motion No. 006**

2 of 4

[* 2]

*See Havens* at 379; *see also Sherwood Terrace Apts. v. N.Y. State Div. of Hum. Rts.*, 61 A.D.3d 1333, 1334 (4th Dep't 2009) (citing *Havens* while affirming an award of compensatory damages to a fair housing organization under the New York State Human Rights Law ("NYSHRL") for the resources the organization expended in investigating the complainant's allegations). As the State of New York indicated in the amicus brief it filed in this matter, the State Division of Human Rights who enforces and promulgates regulations to effectuate the NYSHRL has consistently interpreted the NYSHRL as providing for organizational standing under the *Havens* standard. (*See* NYSCEF Doc. No 189.)

Upon reading the parties' arguments for and against the granting of reargument in this matter and the Amicus Brief submitted by the State, the Court finds that the standards for granting reargument pursuant to CPLR §2221(d) have been met. Upon granting such reargument, the Court determines that the plaintiff has met the *Havens* standard for institutional standing in this matter. Specifically, that it had expended organizational resources to combat the defendants' alleged discrimination and that such resources would have otherwise been utilized in carrying out HRI's other activities under its mission to ensure equal housing access. (*See* Doc. No. 160.)

The additional arguments put forward by the defendants arguing for dismissal of this matter were not addressed by the Court in its underlying August 16, 2022 decision and are still in factual dispute amongst the parties. Thus, the Court will not address such arguments at this time.

156195/2021   HOUSING RIGHTS INITIATIVE, INC. vs. CENTURY 21 DAWNS REALTY ET AL          Page 3 of 4
    Motion No.  006

3 of 4

This constitutes the decision and order of this Court.

| 02/23/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **W. FRANC PERRY, J.S.C.** | |
| **CHECK ONE:** | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
| | ☒ | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156195/2021   HOUSING RIGHTS INITIATIVE, INC. vs. CENTURY 21 DAWNS REALTY ET AL**
**Motion No.  006**

**Page 4 of 4**

4 of 4

[* 4]