Forrester v 640 Park Ave. Corp.
2026 NY Slip Op 02779
May 5, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Kareen Forrester, Plaintiff-Appellant,
v
640 Park Avenue Corporation, et al., Defendants-Respondents, Wellington Tichenor, Defendant.

Decided and Entered: May 05, 2026
Index No. 150070/25|Appeal No. 6546|Case No. 2025-05886|
Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, JJ.

Famighetti & Weinick, PLLC, Melville (Matthew Weinick of counsel), for appellant.
Kaufman Dolowich, LLP, New York (Christopher I. Mdeway of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 28, 2025, which granted the motion of defendants 640 Park Avenue Corporation (640 PAC) and Brown Harris Stevens Residential Management, LLC (BHSM) (collectively defendants) to dismiss the complaint as against them, unanimously reversed, on the law, with costs, and the claims against them reinstated.
Plaintiff's discrimination claim against defendants should not have been dismissed at this early stage of the litigation. Under the lenient notice pleading standard, the complaint contains sufficient allegations that defendants 640 PAC, the co-op building owner, and BHSM, the co-op managing agent, were sufficiently involved in defendant Wellington Tichenor's decision not to sell the unit to plaintiff on account of her race and/or gender.
The complaint alleges that defendant Tichenor, a doctor, contracted to sell his cooperative apartment to plaintiff, a black woman and nurse practitioner, in 2023. Prior to entering the contract, the unit sat on the market for two years. Tichenor had used the unit to provide medical services, and plaintiff sought to purchase the unit for her own medical business. In response to an inquiry from Tichenor, a senior account executive from BHSM confirmed that the unit could be used by a medical professional licensed in New York without the supervision of a doctor.
After plaintiff and Tichenor entered the contract and plaintiff paid the down payment, Tichenor's attorney advised plaintiff that he did not wish to proceed with the sale. Tichenor then sold the unit to nonparty Glenn Fuhrman, a white male who was not a medical professional and who was also on the cooperative board of directors.
The complaint alleges that plaintiff is a black woman who was qualified to purchase the unit but was rejected in favor of a white male applicant who was not a medical professional, which is sufficient to give rise to an inference of discrimination against Tichenor (Executive Law § 296[2]; Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d 773, 774 [2d Dept 2011]).
Plaintiff has also properly stated discrimination claims against the other defendants based primarily on the actions of Fuhrman, a member of the cooperative board. The complaint alleges that Fuhrman applied for the unit within weeks of plaintiff entering the contract of sale despite the unit having sat on the market for two years and Fuhrman's inability to use the unit for a medical business, which under the facts is sufficient to support an inference of discrimination on Fuhrman's part (see e.g Vega v Hempstead Union Free Sch. Dist., 801 F3d 72, 86 [2d Cir. 2015]; Caprarella, 82 AD3d at 774). As to defendants, principals may be liable for the tortious acts of their agents, including for acts of discrimination (see, e.g. Bicounty Brokerage Corp. v Burlington Ins. Co., 88 AD3d 833, 835 [2d Dept 2011]).
[*2]
The complaint alleges that BHSM served both as the managing agent for 640 PAC and as the real estate broker for Tichenor, and that 640 PAC was involved with plaintiff's application process for the unit. Defendants BHSM and 640 PAC were thus well aware that plaintiff was a member of a protected class. The complaint further contends that 640 PAC suggested that it would not approve plaintiff's application despite the fact that she was a qualified purchaser. This, coupled with the fact that Fuhrman swooped in at the last minute to purchase the property despite not having a legitimate use for it, was sufficient to allege that defendants 640 PAC and BHSM were "involved in the determination" by Tichenor not to proceed with the sale such that his conduct may be imputed to them (see e.g. Sayeh v 66 Madison Ave. Apt. Corp., 73 AD3d 459, 460 [1st Dept 2010]).
Finally, Supreme Court relied on evidence submitted by defendants to conclude that defendant BHSM was not involved with the sale because a separate company, Brown Harris Stevens Sales, LLC ("BHSS"), was the brokerage company involved. This evidence was not sufficient to "flatly contradict" the allegations in the complaint (see e.g. Beatrice Invs., LLC v 511 9 LLC, 177 AD3d 551, 551 [1st Dept 2019]). At this stage, plaintiff is entitled to discovery to explore whether BHSM and BHSS are the same or sufficiently related entities operating under slightly different names.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2026