■ In the Matter of KENNETH R. BUTLER, Petitioner, v EDWARD V. REGAN, as State Comptroller, New York State Policemen's and Firemen's Retirement System, Respondent.—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County), to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

While engaged in the high-speed pursuit of burglary suspects pursuant to his duties as a police officer for the Nassau County Police Department on May 15, 1971, petitioner was involved in a serious head-on collision with another police vehicle. After approximately 45 minutes, rescuers were able to extricate petitioner from his badly damaged patrol vehicle. He was rushed to the hospital where he was diagnosed as having a dislocated left hip, together with a fracture of the acetabular rim of the hip socket. Petitioner also sustained a compound fracture of the right upper medial tibia, chest trauma and contusions. In 1973, petitioner returned to the police force where he alternated between a restricted assignment or full duty with light assignments. Petitioner currently has a clerical assignment and has only worked a few days since 1985.

On July 23, 1984, petitioner filed an application for accidental disability retirement benefits based on recurring pain in his right knee, left hip and back. This application was initially denied upon the ground that petitioner was not physically or mentally incapacitated from the performance of duty as the natural and proximate result of the accident of May 15, 1971. Petitioner appealed that decision and, after a hearing, respondent adhered to his original decision. Petitioner then commenced this CPLR article 78 proceeding which was transferred to this court.

The medical evidence at the hearing differed sharply. Petitioner's medical expert was of the opinion that petitioner was permanently disabled from police work as a result of the May 15, 1971 accident. On the other hand, respondent's medical expert opined that petitioner was physically able to perform his duties as a police officer and that the accident of May 15, 1971 is unrelated to any condition from which petitioner complains. While this court is inclined to credit the testimony of petitioner's expert in this sympathetic case, we are constrained to confirm, for in a situation such as this we must accept respondent's evaluation of conflicting medical opinions (see, Matter of Perritano v Regan, 120 AD2d 867, 868; Matter of McGrath v Regan, 109 AD2d 1007, 1008). The determination should therefore be confirmed.

Determination confirmed, without costs, and petition dis-

missed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.