■ In the Matter of WILLIAM M. DUTRA, Appellant, v VILLAGE OF PORT CHESTER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Port Chester, dated March 14, 1988, that the petitioner suffers from a disability due to an injury or sickness which was not incurred during the performance of his duties as a police officer, the petitioner appeals from a judgment of the Supreme Court, Westchester County (West, J.), entered August 5, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We find that there is substantial evidence in this record to support the determination by the respondent village that the petitioner's disability was not the result of an injury incurred during the performance of his duties as a police officer (see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). Although the evidence provided by the parties' respective medical experts was conflicting, the duty of weighing that evidence and making a choice among conflicting versions rested with the agency involved, not with the court (see, Matter of Berenhaus v Ward, 70 NY2d 436; Matter of

*Moorehead v New York City Tr. Auth.,* 147 AD2d 569; *Matter of Butler v Regan,* 134 AD2d 698).

We find that the petitioner's remaining contention is without merit. Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.