■ In the Matter of MILLER BREWING COMPANY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, on the Complaints of MICHAEL ABOOD et al., Respondents.—Proceeding pursuant to CPLR 7804 and Executive Law § 298, to review an order of the New York State Division of Human Rights, dated July 22, 1982, sustaining a complaint against the petitioner alleging that it had committed an unlawful discriminatory practice relating to employment, as amended by a "supplemental order", dated October 21, 1988, which, after a hearing, found, *inter alia,* that the reasons offered by the petitioner for not hiring the complainants were a pretext for discrimination.

Adjudged that the order, as amended, is confirmed and the proceeding is dismissed, with costs.

The complainants, former employees of Better Brands, Inc., a company which was purchased by the petitioner, established a prima facie showing that they were subjected to employment discrimination by the petitioner by reason of age. However, following the Court of Appeals determination that the general sales manager who had the responsibility "for the selection of former Better Brands' employees for employment, had articulated legitimate, independent and nondiscriminatory reasons to support the decision not to hire complainants"

*(Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 938-939), the matter was remitted to the State Division of Human Rights (hereinafter the State Division) to afford the complainants an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the petitioner for not hiring them were not its true reasons, but were a pretext for discrimination *(Matter of Miller Brewing Co. v State Div. of Human Rights, supra).*

In demonstrating pretext, the complainants were not required to show that age was the only factor in the petitioner's decision not to hire them *(see, Hagelthorn v Kennecott Corp.,* 710 F2d 76, 82; *see also, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 632). Nor were they required to show that the petitioner's proffered reason was false, but only "that its stated reason was not the only reason and that [their] age did make a difference" *(Montana v First Fed. Sav. & Loan Assn.,* 869 F2d 100, 105).

At the hearing upon remittal before the State Division, a general merchandising manager of the petitioner testified that his hiring criteria were to select aggressive merchandisers who had demonstrated their ability to merchandise in the 12 to 14 months prior to the closing of Better Brands, Inc. Apparently, all but one of the former Better Brands, Inc., employees selected by him as merchandisers were under the age of 50 and all but one had performed few or no merchandising duties. All of the complainants, on the other hand, had been sales persons with extensive merchandising duties during the period in question. Moreover, an examination of the record indicates that a sales manager at Better Brands, Inc., who was subsequently hired by petitioner, told several of the salespersons on their last day of work at Better Brands, Inc., that the petitioner was a "youth-oriented" company. He also described good merchandisers in his testimony as "young guys" with strong legs who could "pack out a lot of stuff".

Under the circumstances, we conclude that substantial evidence supports the State Division's determination that the purportedly age-neutral reasons offered by the petitioner for not hiring the complainants were a pretext for discrimination *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179; *Smithtown Cent. School Dist. v Beller,* 120 AD2d 726). We therefore decline to disturb that determination *(see, State Div. of Human Rights v County of Onondaga Sheriff's Dept., supra; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra).* Brown, J. P., Harwood, Miller and Ritter, JJ., concur.