■ In the Matter of ULTIMATE AIRCRAFT APPEARANCE CORP., Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent, et al., Respondent. [880 NYS2d 530]—Proceeding pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights dated June 14, 2007, which adopted the recommendation of an Administrative Law Judge dated May 21, 2007, made after a hearing, finding that the petitioner unlawfully discriminated against the complainant in relation to his employment by subjecting him to a hostile work environment based on his national origin, and that the petitioner retaliated against him for opposing discriminatory practices and filing a complaint with the State Division of Human Rights, and awarded the complainant the principal sums of $52,041.66 in damages for back pay and $100,000 in compensatory damages for mental anguish, and cross petition by the State Division of Human Rights to enforce the determination.

Adjudged that the petition is denied, the determination is confirmed, and the proceeding is dismissed; and it is further,

Adjudged that the cross petition is granted, and the petitioner is directed to pay the complainant the sum of $52,041.66, plus interest at the rate of 9% per year from January 1, 2003, and the sum of $100,000, plus interest at the rate of 9% per year from June 14, 2007; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The determination of the Commissioner of the State Division of Human Rights (hereinafter the SDHR), adopting the recommendation of an Administrative Law Judge, made after a hearing, is supported by substantial evidence (see Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd., 59 NY2d 69, 75 [1983]; Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Exec. Dept., 220 AD2d 668 [1995]). The record contains substantial evidence that the complainant was subjected to a hostile work environment based on his national origin, and that the petitioner retaliated against him for opposing discriminatory practices and filing a complaint with the SDHR.

Further, the award of damages for mental anguish was reasonably related to the discriminatory conduct and also was supported by substantial evidence (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216 [1991]; *Matter of State Div. of Human Rights v Stoute*, 36 AD3d 257, 266 [2006]). Finally, the evidence supported an award of back pay (*see* Executive Law § 297 [4] [c]). Rivera, J.P., Miller, Balkin and Austin, JJ., concur.