■ In the Matter of JEFFREY L. GOLDBERG et al., Petitioners/ Cross-Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent/Cross-Petitioner, and Mary Rocco, Respondent. [927 NYS2d 123]—

Proceeding pursuant to CPLR article 78, as limited by the petitioners' brief, to review so much of a determination of the Commissioner of the New York State Division of Human Rights, dated January 25, 2010, as adopted the findings of an administrative law judge dated March 18, 2009, made after a hearing, that the respondent, Mary Rocco, was entitled to the principal sums of $20,000 in compensatory damages for mental anguish and $35,624 in damages for lost wages from the date of her termination from employment until January 2006, and amended the findings by awarding additional damages in the principal sum of $119,266 for lost wages for the entirety of 2006 and 2007, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the determination is confirmed insofar as reviewed, the petition is denied, the proceeding is dismissed on the merits, the cross petition is granted, with costs, and the petitioners are directed to pay the respondent, Mary Rocco, the principal sum of $20,000, plus interest at the rate of 9% per year from January 25, 2010, the principal sum of $35,624, plus interest at the rate of 9% per year from September 26, 2005, and the principal sum of $119,266, plus interest at the rate of 9% per year from January 1, 2007.

The petitioners were found by the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) to have engaged in discriminatory and retaliatory practices in, inter alia, terminating the employment of the respondent Mary Rocco following Rocco's third pregnancy leave. The Commissioner awarded Rocco damages for lost wages from her termination of her employment in June 2005 through January 2006 in the principal sum of $35,624 and in the principal sum of $119,266 for the entirety of 2006 and 2007, as well as $20,000 in compensatory damages for her mental anguish.

The Commissioner's award of damages for back pay should be sustained if supported by substantial evidence (*see Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890, 891-892 [2010]). Generally, an individual complaining of discrimination has a duty to mitigate his or her damages by making reasonable efforts to obtain comparable employment (*see Matter of Palmblad v Gibson*, 63 AD3d 844, 845 [2009]). The burden of proving a lack of diligent efforts to mitigate damages and showing the extent to which efforts would have diminished damages is on the employer (*see Eskenazi v Mackoul*, 72 AD3d 1012, 1014 [2010]; *Matter of Walter Motor Truck*

*Co. v New York State Human Rights Appeal Bd.*, 72 AD2d 635 [1979]).

Here, contrary to the petitioners' arguments, there was substantial evidence to support the award for back pay, and the petitioners did not carry their burden of showing that Rocco failed to mitigate her damages. Indeed, Rocco testified about her job search, stating that she had posted her resume on employment websites, sent her resume to potential employers, attended seminars through an employment agency, and looked for positions in the New York Times and the New York Law Journal. When she was unable to find employment, Rocco started her own legal practice and attempted to improve her skills by attending continuing legal education classes and learning from other attorneys in at least two different areas of the law. Indeed, the commencement of one's own business after an inability to find employment is considered a form of mitigation (*see Cornell v T.V. Dev. Corp.*, 17 NY2d 69, 75 [1966]).

An award for compensatory damages for mental anguish " 'must be upheld if it is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries' " (*Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d at 892, quoting *Matter of State Div. of Human Rights v Stoute*, 36 AD3d 257, 266 [2006]). The Commissioner's determination of a proper award for mental anguish is entitled to great deference (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 215 [1991]). Rocco provided evidence of both her mental condition and physical symptoms pertaining to that condition, including vomiting, preterm labor, and bleeding, and testified to being placed on anti-depressants and having problems with her marriage and in caring for her third child. Thus, there was substantial evidence to support an award in the principal sum of $20,000 for Rocco's mental anguish. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.