◼ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v BEN ROTTENSTEIN ASSOCIATES, INC., et al., Respondents. [932 NYS2d 519]—

The determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner), finding unlawful discrimination in employment, is supported by substantial evidence (*see Matter of MTA Trading, Inc. v Kirkland*, 84 AD3d 811, 814 [2011]; *Matter of New York State Div. of Human Rights v Independent Auto Appraisers, Inc.*, 78 AD3d 1541, 1542 [2010]; *Matter of Iona Coll. v Gibson*, 62 AD3d 878 [2009]; *Matter of Miller Brewing Co. v State Div. of Human Rights*, 166 AD2d 705, 706 [1990]), as is the Commissioner's determination that the respondents retaliated against the complainant for opposing the unlawful discrimination (*see Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 53 AD3d 823, 825-826 [2008]).

The Commissioner's determination that the complainant sustained mental anguish as a result of the respondents' unlawful actions is supported by substantial evidence. Moreover, the award of $15,000 for mental anguish "is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries" (*Matter of MTA Trading, Inc. v Kirkland*, 84 AD3d at 814 [internal quotation marks omitted]; *see Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 637 [1996]).

The Commissioner's determinations that the complainant is entitled to compensation for unused vacation and sick days and a share of the 2006 annual net profits of the respondent corporation are based on, among other factors, the terms of the complainant's employment agreement and the respondent corporation's tax returns. Accordingly, those determinations are supported by substantial evidence.

Lastly, the back pay award is also supported by substantial evidence, which includes testimony regarding the complainant's numerous efforts to mitigate his damages following his termination (*see Matter of Goldberg v New York State Div. of Human Rights*, 85 AD3d 1166, 1168 [2011]). Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.