Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated November 30, 2011, which adopted the findings and recommendations of an administrative law judge dated June 17, 2011, made after a hearing, determining, inter alia, that the petitioners, Twelfth Street Corp., doing business as Village Den Restaurant, Konstantinos Danalis, and Hector Vasquez, are liable for compensatory damages for mental anguish suffered by the complainant as the result of employment discrimination on the basis of sex due to a hostile work environment and awarding the complainant compensatory damages in the principal sum of $50,000, and cross petition by Galen D. Kirkland and the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination.
Adjudged that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, the cross petition is granted, with one bill of costs to the respondents/cross petitioners and the complainant appearing separately and filing separate briefs, and the petitioners are directed to pay the complainant the principal sum of $50,000, plus interest at the rate of 9% per year from November 30, 2011.
Contrary to the petitioners’ contention, the challenged determination is supported by substantial evidence, since the hearing record contains ample proof that the complainant was subjected to severe and pervasive sexual harassment which created a hostile work environment and caused her to suffer mental anguish (see Matter of New York State Div. of Human Rights v ABS Elecs., Inc., 102 AD3d 967 [2013]; Matter of Murphy v Kirkland, 88 AD3d 267, 278 [2011]; Matter of Columbia Sussex Corp. v New York State Div. of Human Rights, 63 AD3d 736 [2009]). Moreover, the award of compensatory damages is reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 219 [1991]; Matter of New York State Div. of Human Rights v ABS Elecs., Inc., 102 AD3d at 969; Matter of New York State Div. of Human Rights v Ben Rottenstein Assoc., Inc., 89 AD3d 852, 853 [2011]; Matter of Columbia Sussex Corp. v New York State Div. of Human Rights, 63 AD3d at 736).
We need not reach the remaining contention contained in Point III of the petitioners’ brief in light of the effective with *1100 drawal of that contention by the petitioners’ counsel at oral argument before this Court. Mastro, J.E, Rivera, Hall and Miller, JJ., concur.