■ In the Matter of TAMMY CAULKINS, Petitioner, v TOWN OF POUND RIDGE, Respondent. [17 NYS3d 898]—Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Pound Ridge dated November 28, 2012, which adopted the findings and recommendations of a hearing officer dated November 12, 2012, made after a hearing, that the petitioner's current disability is not related to a line-of-duty injury, and terminated the petitioner's benefits pursuant to General Municipal Law § 207-c.

Adjudged that the determination dated November 28, 2012, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing required by law at which evidence is taken is limited to whether the determination is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Substantial evidence consists of "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

In order to be eligible for disability benefits pursuant to General Municipal Law § 207-c, the petitioner must "prove a direct causal relationship between job duties and the resulting illness or injury" (*Matter of White v County of Cortland*, 97 NY2d 336, 340 [2002]; *see Matter of Lowther v County of Rockland*, 122 AD3d 845, 846 [2014]; *Matter of Tancredi v Town of Harrison / Vil. of Harrison Police Dept.*, 72 AD3d 832, 834 [2010]). Here, substantial evidence supports the hearing officer's determination that the petitioner's current disability is not causally related to the on-the-job injuries she suffered on October 4, 2008. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.