◼ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v BESDAD, INC., Doing Business as COOPERSMITHS RESTAURANT, et al., Respondents. [39 NYS3d 251]—

Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated October 22, 2007, which adopted the recommendation and findings of an administrative law

judge dated August 27, 2007, made after a hearing, finding that the respondents discriminated against the complainant on the basis of his race and color by subjecting him to a hostile work environment and retaliated against him for having engaged in protected activities, awarded the complainant compensatory damages in the principal sums of $27,107, plus interest at the rate of 9% per year from December 16, 2005, for back pay, and $15,000, plus interest at the rate of 9% per year from October 22, 2007, for mental anguish and humiliation, and directed the respondents to establish policies to prevent unlawful discrimination and harassment.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the portion of the determination finding that the respondents discriminated against the complainant on the basis of his race and color by subjecting him to a hostile work environment and awarding him compensatory damages in the principal sums of $27,107, plus interest at the rate of 9% per year from December 16, 2005, for back pay, and $15,000, plus interest at the rate of 9% per year from October 22, 2007, for mental anguish and humiliation, and directing the respondents to establish policies to prevent unlawful discrimination and harassment is confirmed, the determination is otherwise annulled, the petition is otherwise denied, the proceeding is otherwise dismissed, and the respondents are directed to pay the complainant compensatory damages in the principal sums of $27,107, plus interest at the rate of 9% per year from December 16, 2005, for back pay, and $15,000, plus interest at the rate of 9% per year from October 22, 2007, for mental anguish and humiliation, and to establish policies to prevent unlawful discrimination and harassment.

"An enforcement proceeding initiated by the New York State Division of Human Rights . . . raises the issue of whether its determination was supported by sufficient evidence in the record as a whole" (*Matter of New York State Div. of Human Rights v Stennett*, 98 AD3d 512, 513 [2012] [internal quotation marks omitted]; *see Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773, 773-774 [2011]). "A court must confirm the determination so long as it is based on substantial evidence" (*Matter of New York State Div. of Human Rights v Stennett*, 98 AD3d at 513 [internal quotation marks omitted]; *see Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d at 774). A determination is "supported by substantial evidence when the proof is so substantial that from it an inference of the existence of the fact found may be drawn

reasonably" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978] [internal quotation marks omitted]). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact," and it "does not rise from bare surmise, conjecture, speculation or rumor" (*id.* at 180).

Here, the determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) that the respondents discriminated against the complainant on the basis of his race and color by subjecting him to a hostile work environment while he was employed by the respondent Besdad, Inc., doing business as Coopersmiths Restaurant (hereinafter Coopersmiths), is supported by substantial evidence (*see id.* at 179-180; *Chiara v Town of New Castle*, 126 AD3d 111, 125 [2015]; *Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890, 891 [2010]). Moreover, the Commissioner properly found the respondent Bruce Schwartz individually liable as an owner of Coopersmiths (*see Matter of New York State Div. of Human Rights v ABS Elecs., Inc.*, 102 AD3d 967, 969 [2013]). The Commissioner also properly found that Coopersmiths was liable for failing to intervene when its owners became aware of the racial discrimination. The owners' failure to intervene based on a desire not to offend the employee harassing the complainant, or to ruin that employee's upcoming vacation days, rose to the level of a knowing, after-the-fact forgiveness or acceptance of the offense, thus constituting condonation of the racial discrimination (*see Matter of Medical Express Ambulance Corp. v Kirkland*, 79 AD3d 886, 887 [2010]).

However, the Commissioner's determination that the respondents retaliated against the complainant for having engaged in protected activities is not supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180; *La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d 918, 920 [2015]). This determination was based on a finding that the complainant was fired one day after engaging in protected activity, namely, objecting to racial discrimination. However, there was no evidence that the complainant objected to any racial discrimination on the day before he was fired. Rather, the complainant's hearing testimony established that his last objection to such discrimination occurred approximately three months before he was fired, and no evidence was presented to show that the complainant was fired for that earlier objection (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

Our conclusion with respect to retaliation does not affect our analysis of the Commissioner's remedies, as substantial evidence supports the determination that the respondents discriminated against the complainant on the basis of his race and color by subjecting him to a hostile work environment, which continued until the day before he was fired. The Commissioner's remedies are supported by substantial evidence (*see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 420 [1991]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). First, the Commissioner did not improvidently exercise her discretion in directing the respondents to establish policies to prevent unlawful discrimination and harassment, as that remedy was "reasonably related" to the respondents' failure to intervene when they learned that an employee was harassing the complainant on the basis of his race (*Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d at 420). Second, substantial evidence supports the award of back pay, and the Commissioner correctly directed that this award include predetermination interest (*see Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 26 [2002]; *Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d at 891-892). Finally, the Commissioner's award in the principal sum of $15,000 for mental anguish and humiliation is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries (*see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d at 418-421; *Matter of New York State Div. of Human Rights v Ben Rottenstein Assoc., Inc.*, 89 AD3d 852, 853 [2011]; *Matter of MTA Trading, Inc. v Kirkland*, 84 AD3d 811, 814 [2011]; *Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d at 892; *Matter of Gold Coast Rest. Corp. v Gibson*, 67 AD3d 798, 800 [2009]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.