■ JULIE CHERNOV, Appellant, v SECURITIES TRAINING CORP., Respondent. [44 NYS3d 439]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered September 2, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Viewing the evidence in the light most favorable to plaintiff, the record shows that she had suffered from, and had been intermittently treated for, anxiety disorder since as early as 2008. Plaintiff never communicated her ailment to defendant, her employer, but managed it through therapy as needed. In late October 2012, Hurricane Sandy caused plaintiff to suffer from severe stressors, including the destruction of her elderly mother's Long Island home. The continuing stressors caused plaintiff's anxiety disorder to flare up, with sleeplessness and feelings of being overwhelmed. On November 18, 2012, plaintiff finally told her employer that she was "completely overwhelmed" by anxiety and stress and needed time off to deal with her situation. Plaintiff specifically asked for medical leave. When this was denied, plaintiff asked at a meeting on November 20, 2012, at least to be permitted to take scheduled vacation as well as "a day here and there" to deal with her "overwhelming stress and anxiety." This was denied as well

and plaintiff was instead terminated effective November 28, 2012.

Under these circumstances, issues of fact exist as to whether, based on plaintiff's disclosures, defendant reasonably "should have known" that plaintiff was suffering from a disabling anxiety condition (Administrative Code of City of NY § 8-107 [15] [a]; *Rodas v Estee Lauder Cos., Inc.*, 2010 NY Slip Op 33199[U], *3 [Sup Ct, NY County 2010]). Issues of fact likewise exist as to whether defendant should have entered into a good faith interactive dialogue with plaintiff, inquiring into the nature of her disabling condition and exploring what sorts of accommodations might reasonably be required, and whether reasonable accommodations would have enabled her to perform the "essential requisites of [her] job" (Administrative Code § 8-107 [15] [b]), without causing defendant "undue hardship in the conduct of . . . [its] business" (*id.* § 8-102 [18]; *Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 835 [2014]; *Phillips v City of New York*, 66 AD3d 170, 183 [1st Dept 2009]).

Issues of fact also exist as to whether plaintiff's alleged disabling anxiety condition caused the poor performance (i.e., absenteeism and unresponsiveness) that defendant pointed to as the reason for her termination (*see Jacobsen*, 22 NY3d at 834), and, if so, whether plaintiff could have performed the essential requisites of her job with reasonable accommodation (*see* Administrative Code §§ 8-107 [15] [b]; 8-102 [18]). Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.