Matter of 1 Toms Point Lane Corp. v New York State Div. of Human Rights (2019 NY Slip Op 07392)





Matter of 1 Toms Point Lane Corp. v New York State Div. of Human Rights


2019 NY Slip Op 07392


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2016-13134
 (Index No. 5887/16)

[*1]In the Matter of 1 Toms Point Lane Corporation, petitioner/cross respondent, 
v
New York State Division of Human Rights, respondent/cross petitioner, Virginia Hough, respondent.


Albanese & Albanese, LLP, Garden City, NY (Bruce W. Migatz of counsel), for petitioner/cross respondent.
Caroline J. Downey, Bronx, NY (Toni Ann Hollifield of counsel), for respondent/ cross petitioner.
Haber & Haber, LLP, Garden City, NY (Stephen D. Haber of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated June 24, 2016, and cross petition by the New York State Division of Human Rights to enforce the determination. The determination adopted the recommendation and findings of an administrative law judge dated April 13, 2016, made after a hearing, finding that the petitioner/cross respondent unlawfully discriminated against the complainant on the basis of disability, directing the petitioner/cross respondent to cease and desist from enforcing any rules or policies prohibiting the complainant from keeping a dog in her apartment, and awarding the complainant compensatory damages in the principal sum of $1,000 for mental anguish and attorneys' fees in the sum of $11,961.
ADJUDGED that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross petition is granted, with one bill of costs to the respondent/cross petitioner and the respondent.
Virginia Hough filed a complaint with the New York State Division of Human Rights (hereinafter the NYSDHR) against 1 Toms Point Lane Corporation (hereinafter the co-op), alleging a violation of the New York State Human Rights Law (Executive Law § 296). Hough alleged that the co-op was discriminating against her on the basis of disability, as she was not allowed to keep an emotional support dog in her apartment to help ameliorate her generalized anxiety disorder. After a hearing, an administrative law judge (hereinafter the ALJ) made a recommendation and findings in favor of Hough, directing the co-op to cease and desist from enforcing against Hough any rules or policies prohibiting dogs and awarding Hough compensatory damages in the principal sum of $1,000 for mental anguish and attorneys' fees in the sum of $11,961. The Commissioner of the NYSDHR adopted the ALJ's recommendation and findings. The co-op commenced this proceeding pursuant to Executive Law § 298 to review the Commissioner's determination, and the NYSDHR [*2]cross-petitioned to enforce the determination.
Judicial review of an administrative determination made after a hearing required by law at which evidence is taken is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Fortuna v City of White Plains, 170 AD3d 1011; Matter of MVM Constr., LLC v Westchester County, 150 AD3d 857; Matter of Caulkins v Town of Pound Ridge, 132 AD3d 863). Substantial evidence consists of such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of Caulkins v Town of Pound Ridge, 132 AD3d 863; Matter of Garvey v Sullivan, 129 AD3d 1078).
To establish that a violation of the Human Rights Law occurred and that a reasonable accommodation should have been made, Hough was required to demonstrate that she is disabled, that she is otherwise qualified for the tenancy, that because of her disability it is necessary for her to keep a dog in order for her to use and enjoy the apartment, and that reasonable accommodations could be made to allow her to keep a dog (see Matter of Kennedy St. Quad., Ltd. v Nathanson, 62 AD3d 879). The term disability, as defined by Executive Law § 292(21), means "(a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment."
Here, there was substantial evidence in the record to conclude that Hough suffered from generalized anxiety disorder, an impairment demonstrable by medically accepted clinical or laboratory diagnostic techniques, and that she required the use of a companion dog to use and enjoy her apartment. There is sufficient evidence that having a dog would affirmatively enhance Hough's quality of life by ameliorating the effects of her disability, thus demonstrating necessity within the meaning of the Human Rights Law (see Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55; cf. Matter of Delkap Mgt., Inc. v New York State Div. of Human Rights, 144 AD3d 1148, revd 33 NY3d 925; Matter of Kennedy St. Quad., Ltd. v Nathanson, 62 AD3d 879).
Where, as here, there is conflicting medical evidence, a hearing officer is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another (see Matter of Neely v DiNapoli, 71 AD3d 1367; Matter of Morsman v County of Allegany, 26 AD3d 890; Dutra v Village of Port Chester, 162 AD2d 452). So long as the inferences drawn and the ultimate determination made are supported by substantial evidence, it is not for this Court to substitute its judgment for that of the hearing officer (see Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025; Delta Air Lines v New York State Div. of Human Rights, 229 AD2d 132, 137, affd 91 NY2d 65). Although there was testimony from the co-op's expert that could support a contrary conclusion, Hough's treating psychologist articulated a rational and fact-based opinion premised upon his examination and treatment of Hough and his review of relevant medical records. Therefore, the Commissioner's determination is supported by substantial evidence and will not be disturbed (see Matter of Chomicki v Nitido, 145 AD3d 1337).
Furthermore, the award of attorneys' fees to Hough was proper. Although Hough's counsel did not submit contemporaneously maintained time records, there is no hard-and-fast rule that reconstructed time records can never serve as a basis for compensation (see Matter of Karp [Cooper], 145 AD2d 208; McIntyre v Manhattan Ford, Lincoln-Mercury, 176 Misc 2d 325, 329 [Sup Ct, NY County]). The burden of showing the reasonableness of the fees lies upon the claimant (see Klein v Robert's Am. Gourmet Food, Inc., 28 AD3d 63, 75; Matter of Karp [Cooper], 145 AD2d at 216). Here, Hough's counsel submitted an affirmation of legal services, with a record of the time spent on this matter. That record included the dates, hours expended, and nature of the work performed. This constituted an objective and detailed breakdown which, taken together with the information supplied as to the other factors supporting the fee request, was sufficient to establish the reasonableness of the fees (see Klein v Robert's Am. Gourmet Food, Inc., 28 AD3d at 75; Matter of Karp [Cooper], 145 AD2d at 216).
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court