Biggan v City of New York (2021 NY Slip Op 01501)





Biggan v City of New York


2021 NY Slip Op 01501


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 21758/14 Appeal No. 13359 Case No. 2019-5666 

[*1]Hannah Biggan, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.


Borrelli & Associates, P.L.L.C., New York (Caitlin Duffy of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about May 3, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, a former custodian for the New York City Police Department (NYPD), alleged that, in May 2013, two NYPD police officers, defendants Nicholas Konner and John Repetti, approached her at work and directed her to wear an oversized t-shirt with the words "I'm Dope" on it. She alleged that Repetti directed her to stand next to Konner and then took a picture of her in the outfit, and that both officers laughed at her during the incident. Plaintiff alleged that, as a result of defendants' conduct, her emotional and psychological state deteriorated and she required psychiatric hospitalization. She alleged that defendants created a hostile work environment and failed to accommodate her physical and mental disabilities.
Defendants met their prima facie burden of showing that the officers' conduct was an isolated incident that constituted a "petty slight[] or trivial inconvenience[]" (Buchwald v Silverman Shin & Byrne PLLC, 149 AD3d 560, 560 [1st Dept 2017] [internal quotation marks omitted]); see also Ellison v Chartis Claims, Inc., 178 AD3d 665, 669 [2d Dept 2019], lv dismissed 35 NY3d 997 [2020]). Defendants submitted evidence showing that plaintiff was friends with the officers and regularly received free t-shirts from Repetti and other officers in the precinct. Moreover, Konner testified that plaintiff had asked him for the t-shirt, that he had given the t-shirt to two other officers, and that he told her the words "I'm Dope" meant "I'm fresh." Furthermore, defendants submitted evidence showing that, contrary to plaintiff's interpretation, the t-shirt featured the title of a New York-based rapper's mixtape and conveyed a positive message having nothing to do with intellectual disability.
Plaintiff's evidence fails to show that discrimination was a motivating factor for defendants' conduct (see Chin v New York City Hous. Auth., 106 AD3d 443, 444-445 [1st Dept 2013], lv denied 22 NY3d 861 [2014]). She admitted that neither Konner nor Repetti had treated her poorly in the past, and that she was not upset about the t-shirt until her sister misguidedly told her that the words depicted meant "I'm stupid."
To be sure, a single comment or incident may be actionable under the City Human Rights Law (HRL) if made in circumstances where such comment or incident would signal views about the role of disabled people in the workplace (see Hernandez, 103 AD3d 106, 115 [1st Dept 2012]). However, the isolated incident here, and the circumstances surrounding it, do not meet this threshold (see Golston-Green v City of New York, 184 AD3d 24, 42-43 [2d Dept 2020]).
As for plaintiff's reasonable accommodation claim, defendants demonstrated that plaintiff was granted the accommodation that she sought for her knee impairment (see Porter v City of New York, 128 AD3d [*2]448, 449 [1st Dept 2015]). She denied seeking any other accommodation for a physical or mental disability during her tenure with the NYPD. Although, under the City HRL, employers are obligated to reasonably accommodate a disability that it knew or should have known about, the facts in this case do not compel a finding that defendants violated this obligation (cf. Chernov v Securities Training Corp., 146 AD3d 493, 493-494 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021