Matter of Mutual Apts., Inc. v New York City Commn. on Human Rights (2022 NY Slip Op 02122)





Matter of Mutual Apts., Inc. v New York City Commn. on Human Rights


2022 NY Slip Op 02122


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-00593
 (Index No. 509897/18)

[*1]In the Matter of Mutual Apartments, Inc., et al., respondents-appellants, 
v
New York City Commission on Human Rights, appellant-respondent, et al., respondents.


Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Melanie T. West of counsel), for appellant-respondent.
Sperber Denenberg & Kahan, P.C., New York, NY (Seth Denenberg and Jacqueline Handel-Harbour of counsel), for respondents-appellants.



In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Commission on Human Rights dated April 12, 2018, which adopted the finding of an administrative law judge, made after a hearing, that the petitioners unlawfully discriminated against the complainants Carol Thomas and Cinnamon Thomas on the basis of disability by failing to provide them with a reasonable accommodation of permitting them to keep an emotional support dog in their apartment, awarded the complainants Carol Thomas and Cinnamon Thomas compensatory damages in the sums of $40,000 and $30,000, respectively, imposed a civil penalty in the sum of $55,000, and directed the petitioners, inter alia, to make a reasonable accommodation for the disabilities of the complainants Carol Thomas and Cinnamon Thomas by granting them an exception to the subject apartment building's no-dog policy and permitting them to keep an emotional support dog in their apartment, the New York City Commission on Human Rights appeals, and the petitioners cross-appeal, from a judgment of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated November 29, 2018. The judgment, insofar as appealed from, granted the petition to the extent of reducing the awards of compensatory damages to each complainant to the sum of $6,000 and reducing the civil penalty imposed to the sum of $3,000. The judgment, insofar as cross-appealed from, in effect, denied the petition to the extent of confirming so much of the determination as found that the petitioners unlawfully discriminated against the complainants Carol Thomas and Cinnamon Thomas on the basis of disability by failing to provide them with a reasonable accommodation of permitting them to keep an emotional support dog in their apartment, awarded the complainants Carol Thomas and Cinnamon Thomas compensatory damages, and imposed a civil penalty.
ORDERED that the appeal and cross appeal are dismissed, without costs or disbursements, and the judgment is vacated; and it is further,
ADJUDGED that the petition is granted, on the law and as a matter of discretion, without costs or disbursements, to the extent that the awards of compensatory damages to the complainants Carol Thomas and Cinnamon Thomas are reduced from the sums of $40,000 and [*2]$30,000, respectively, to the sums of $20,000 and $15,000, respectively, and the civil penalty imposed is reduced from the sum of $55,000 to the sum of $30,000, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.
Carol Thomas and her daughter Cinnamon Thomas (hereinafter together the complainants) have resided in an apartment in a 159-unit Mitchell-Lama housing cooperative building in Brooklyn since the 1990s. The building is owned by the petitioner Mutual Apartments, Inc., and managed by the petitioner Prestige Management, Inc. In December 2013, the complainants filed a complaint with the New York City Commission on Human Rights (hereinafter the Commission) against the petitioners and an individual employed by the petitioners, alleging housing accommodation discrimination on the basis of disability in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-107; hereinafter NYCHRL) for refusing to allow them to keep an emotional support dog as a reasonable accommodation for their mental health disabilities when, in response to their reasonable accommodation request, the petitioners sought to evict the complainants for violating a no-dog lease provision and house rule. Following a three-day hearing, an administrative law judge (hereinafter the ALJ) found that the petitioners unlawfully discriminated against the complainants on the basis of disability by failing to provide them with a reasonable accommodation of permitting them to keep an emotional support dog in their apartment, and recommended that the Commission award Carol and Cinnamon the sums of $40,000 and $25,000, respectively, in compensatory damages for mental anguish, impose a civil penalty in the sum of $25,000, and direct the petitioners, inter alia, to make a reasonable accommodation for the complainants' disabilities by granting them an exception to the no-dog policy and permit them to keep an emotional support dog in their apartment. In a determination dated April 12, 2018, the Commission adopted the ALJ's finding of unlawful discrimination and adopted the ALJ's recommendations for the most part, but increased Cinnamon's award of compensatory damages to the sum of $30,000, and the civil penalty to the sum of $55,000.
The petitioners then commenced this proceeding pursuant to CPLR article 78 to annul the Commission's determination. In an judgment dated November 29, 2018, the Supreme Court granted the petition to the extent of reducing the awards of compensatory damages to each complainant to the sum of $6,000 and the civil penalty to the sum of $3,000, and, in effect, otherwise confirmed the Commission's determination. The Commission appeals and the petitioners cross-appeal from the judgment.
Since the petition, in effect, only raised a question of whether the Commission's determination, including the damages awards and civil penalty, was supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court without deciding that issue (see Matter of Gresser v Franklin Sq. & Munson Fire Dept., 179 AD3d 919, 920; Matter of Donmartin v New York City Hous. Auth., 179 AD3d 678, 679; Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d 740, 741). Nevertheless, since the complete record is now before this Court, we will treat the matter as one that has been transferred here and will review the determination de novo (see Matter of Gresser v Franklin Sq. & Munson Fire Dept., 179 AD3d at 920; Matter of Donmartin v New York City Hous. Auth., 179 AD3d at 679; Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d at 741).
Administrative Code of the City of New York § 8-107(5)(a)(1) makes it "an unlawful discriminatory practice for the owner, lessor, . . . or managing agent" thereof to discriminate in the sale or lease of a "housing accommodation" on the basis "of the actual or perceived . . . disability . . . of any person or group of persons." Administrative Code of the City of New York § 8-107(15)(a) requires a "covered entity" under the NYCHRL to "provide a reasonable accommodation" to enable persons with disabilities to enjoy certain rights. A "reasonable accommodation" is defined as "such accommodation that can be made that does not cause undue hardship in the conduct of the covered entity's business. The covered entity has the burden of proving undue hardship" (id. § 8-102; see id. former § 8-102[18]; Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047). In order for a complainant to state a prima facie case of disability based discrimination under the NYCHRL, the complainant must show that: (1) he or she has a disability, (2) the covered entity knew or should have known of the [*3]disability, (3) an accommodation would enable the complainant to use or enjoy his or her housing accommodation, and (4) the covered entity refused to provide an accommodation (see Roberman v Alamo Drafthouse Cinemas Holdings, LLC, 67 Misc 3d 182, 185 [Sup Ct, Kings County]; see also Biggan v City of New York, 192 AD3d 498, 499; Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 137 AD3d 1284, 1285, revd on other grounds 31 NY3d 1045). "'The provisions of [the NYCHRL] shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof'" and are as or more protective than comparable federal and New York State civil and human rights laws (Nelson v HSBC Bank USA, 87 AD3d 995, 997, quoting Administrative Code of City of NY § 8-130; see I.M. v City of New York, 178 AD3d 126).
In a proceeding to review a determination of the Commission made after an evidentiary hearing that a covered entity unlawfully discriminated against a complainant, the Commission's finding "shall be conclusive if supported by substantial evidence on the record considered as a whole" (Administrative Code of City of NY § 8-123[e]; see Matter of ISS Action Sec. v New York City Commn. on Human Rights, 114 AD3d 943, 944). Substantial evidence consists of such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of Caulkins v Town of Pound Ridge, 132 AD3d 863; Matter of Garvey v Sullivan, 129 AD3d 1078).
Here, the Commission's determination that the petitioners unlawfully discriminated against the complainants on the basis of a mental health disability by refusing to allow them to keep their emotional support dog as a reasonable accommodation is supported by substantial evidence. "It is not the function of the reviewing court to weigh the evidence or assess the credibility of the testimony presented before the administrative agency" (Matter of ISS Action Sec. v New York City Commn. on Human Rights, 114 AD3d at 944).
Although deference must generally be accorded to the Commission's assessment of compensatory damages for mental anguish in view of its special experience in weighing the merit and value of mental anguish claims (see Matter of New State Div. of Human Rights v Caprarella, 82 AD3d 773, 775), a court will intervene when the award is not reasonably related to the wrongdoing, is not supported by substantial evidence, or does not compare with awards for similar injuries (see Matter of ISS Action Sec. v New York City Commn. on Human Rights, 114 AD3d at 944; Matter of Goldberg v New York State Div. of Human Rights, 85 AD3d 1166, 1168; Matter of Iona Coll. v Gibson, 62 AD3d 878; Matter of State Div. of Human Rights v Stoute, 36 AD3d 257). Additionally, a reviewing court may reduce a civil penalty imposed by the Commission where it is deemed to be excessive and a lesser penalty would be "just and proper" (Matter of ISS Action Sec. v New York City Commn. on Human Rights, 114 AD3d at 944 [internal quotation marks omitted]). Here, the Commission's compensatory damages awards for mental anguish and the civil penalty imposed are not supported by sufficient evidence and are excessive, to the extent indicated herein (see Matter of AMG Managing Partners, LLC v New York State Div. of Human Rights, 148 AD3d 1765; Matter of ISS Action Sec. v New York City Commn. on Human Rights, 114 AD3d at 943; Matter of New York State Div. of Human Rights v Ben Rottenstein Assoc., Inc., 89 AD3d 852; Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d at 775; Matter of Tosha Rests., LLC v New York State Div. of Human Rights, 79 AD3d 1337, 1341; Matter of Town of Lumberland v New York State Div. of Human Rights, 229 AD2d 631, 637; Matter of 119-121 E. 97th St. Corp. v New York City Commn. on Human Rights, 220 AD2d 79, 88-89; Matter of State Div. of Human Rights v Muia, 176 AD2d 1142, 1144-1145).
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court