Matter of State Div. of Human Rights v Triple S. Contrs., Corp. (2026 NY Slip Op 00379)

Matter of State Div. of Human Rights v Triple S. Contrs., Corp.

2026 NY Slip Op 00379

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-07961
 (Index No. 604351/24)

[*1]In the Matter of State Division of Human Rights, petitioner, 
vTriple S. Contractors, Corp., et al., respondents.

Melissa Franco, Bronx, NY (Kimberly A. Fong of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated July 24, 2017. The determination adopted the recommendation and findings of an administrative law judge dated May 31, 2017, made after a hearing, finding that the respondents Triple S. Contractors, Corp. and Michael Sackaris unlawfully discriminated against the complainant in employment on the basis of race and national origin, awarded him compensatory damages in the principal sums of $23,860 for lost wages and $4,000 for mental anguish and humiliation, and assessed a civil fine and penalty in the principal sum of $10,000.
ADJUDGED that the petition is granted, with costs, and the determination is confirmed.
In July 2015, the complainant filed a complaint with the New York State Division of Human Rights (hereinafter SDHR) against his former employer, the respondent Triple S. Contractors, Corp. (hereinafter Triple S), alleging, inter alia, discriminatory employment practices based on race and national origin. The complaint was subsequently amended to add the respondent Michael Sackaris, the owner of Triple S, in his individual capacity.
After a public hearing, an administrative law judge made a recommendation and findings that the respondents unlawfully discriminated against the complainant in his employment on the basis of his race and national origin, awarded him compensatory damages in the principal sums of $23,860 for lost wages and $4,000 for mental anguish and humiliation, and assessed a civil fine and penalty in the principal sum of $10,000. Thereafter, the Commissioner of the SDHR, in a final order dated July 24, 2017, adopted the recommendation and findings of the administrative law judge. The respondents failed to comply with the final order. The SDHR commenced this proceeding pursuant to Executive Law § 298 to enforce the final order, and the Supreme Court transferred the proceeding to this Court.
"An enforcement proceeding initiated by the SDHR raises the issue of whether its determination was supported by sufficient evidence in the record" (Matter of State Div. of Human Rights v Elite Dental Care, P.C., 237 AD3d 835, 836 [internal quotation marks omitted]; Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899 [alteration omitted]). "The scope of judicial review under the Human Rights Law is extremely narrow and is confined to [*2]consideration of whether the determination of the SDHR is supported by substantial evidence in the record" (Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 899; see Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 333). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [citations omitted]; see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331). "[C]ourts may not weigh the evidence or reject [SDHR's] choice where the evidence is conflicting and room for a choice exists" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d at 331 [internal quotation marks omitted]; see Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d at 333).
As relevant here, the Human Rights Law makes it unlawful for an employer, because of an individual's race or national origin, "to discriminate against such individual in compensation or in terms, conditions or privileges of employment" (Executive Law § 296[1][a]). "In order to establish a prima facie case of discrimination in employment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 673 [internal quotation marks omitted]).
Here, there is substantial evidence in the record to support the determination that the complainant demonstrated, prima facie, that the respondents discriminated against him in his employment based on his race and national origin (see Executive Law § 296[1][a]; Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 900; Matter of New York State Div. of Human Rights v Besdad, Inc., 143 AD3d 987, 989; Matter of Ultimate Aircraft Appearance Corp. v State Div. of Human Rights, 63 AD3d 952, 952), and that Sackaris was individually liable as the owner of Triple S (see Matter of State Div. of Human Rights v Elite Dental Care, P.C., 237 AD3d at 837; Matter of New York State Div. of Human Rights v Besdad, Inc., 143 AD3d at 989; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 967).
The award of lost wages is supported by substantial evidence (see Executive Law § 297[4][c][iii]; Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 900; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967), and the award of predetermination interest on it was appropriate (see Matter of State Div. of Human Rights v Steve's Pier One, Inc., 123 AD3d 728, 730).
The award of compensatory damages for mental anguish and humiliation in the principal sum of $4,000 is reasonably related to the wrongdoing, supported by substantial evidence, and similar to comparable awards for similar injuries (see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 900; Matter of New York State Div. of Human Rights v Besdad, Inc., 143 AD3d at 988).
The assessment of a civil fine and penalty was appropriate under the circumstances of this case (see Executive Law § 297[4][c][vi]; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967).
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court